UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELAINE M. DECOULOS,
        Plaintiff,

        v.                              Civil Action
                                        No. 13-11410-DPW
BRUNO L. SCHRODER, ET AL.,
        Defendants.

ORDER ON MOTION (DOCKET NO. 7)
October 30, 2013

WOODLOCK, D.J.

On August 30, 2013, I issued a Memorandum and Order sealing plaintiff Elaine M. Decoulos's ("Decoulos)" *in forma pauperis* motion and the original Complaint.  I directed her to file an Amended Complaint with respect to her defamation claim and her e-mail hacking claim (the only claims remaining in this case).[1]  I further directed that if Decoulos sought to seal the Amended Complaint, she needed to file a Motion to Seal along with the Amended Complaint, as well as a redacted version for the public docket.

On October 4, 2013, Decoulos contacted the clerk to advise that she was in England and had sent in a Motion to Extend the Time to file the Amended Complaint.  On October 25, 2013, the Court received Decoulos's redacted Complaint (Docket No. 8) and a "Motion For an Extension of Time to File an Amended Complaint, Extension of Time to File Redacted Original Complaint, Permission to Seal Exhibit 1, to Redact the Defamatory Paragraph From

---

[1]In response to my finding that her most of her claims are barred by res judicata, Decoulos clarifies that she does not seek to relitigate claims made in her earlier lawsuit; she states that she framed her Complaint so as to include the background she deemed relevant to her claims.

Exhibit 6 and for Permission to File and Serve Electronically."
(Docket No. 7).

Most of the motion is rambling, but in support, Decoulos
poses several grounds demonstrating why a lengthy extension of
time is necessary.  These include the fact that she currently is
in England attempting to resolve her libel claims and other
litigation involving the defendants in this action.  She also
intends to file a libel action against a Swiss newspaper.  She
states that she does not expect to return to Massachusetts until
November, and claims that she lacks the ability and resources to
conduct legal research while in England; she can only conduct
research in Massachusetts.  Additionally, she claims that her
health had deteriorated and she has been extremely stressed and
traumatized by the Swiss article.  Further, she claims that her
mother is having knee replacement surgery and expects to return
home from rehabilitation around the time Decoulos plans to return
to Massachusetts.  She intends to care for her mother.

Decoulos's Motion for an Extension of Time (Docket No. 7) to
November 25, 2013 is ALLOWED as requested; however, Decoulos is
warned that I will not permit her any further extensions.  Should
Decoulos fail to file her Amended Complaint by that date, I will
consider that she does not have a *bona fide* intent to prosecute
this action in light of her election to pursue other litigation.
Decoulos is again advised that she must set forth her claims in

accordance with Rule 8 of the Federal Rules of Civil Procedure, focusing specifically on her allegations of defamation at the Charles Hotel in Cambridge, Massachusetts, and her claim of e-mail hacking.  As I previously indicated, she must include the alleged defamatory statement, the person who made the statement, when and to whom the statement was made.  Similarly, she must identify the alleged agents of the defendants who hacked into her computer, and include information as to how, why, when and where the e-mail hacking took place.

Next, I <u>ALLOW</u> her motion to the extent she seeks to file a redacted original Complaint (already docketed as Docket No. 8). I also <u>ALLOW</u> her motion to seal Exhibit 1 as it contains personal health information.

I <u>DENY</u> Decoulos's request to redact the defamatory paragraph from Exhibit 6, without prejudice, for lack of good cause shown. Exhibit 6 contains eight pages, most, if not all, are not germane to this case.  Given the litigation history and the public documents on file, I can see no reason why the alleged defamatory paragraph from Exhibit 6 should be sealed.

Finally, with respect to Decoulos's request for permission to file and serve electronically, I <u>ALLOW</u> her request, provided, however, that she shall have free access to PACER <u>in connection with this case only</u>, and such access shall terminate upon the resolution of this case in the District Court.  Decoulos must

make arrangements with the Clerk's Office to set up a PACER
account and receive training on its use.  She may contact Ginny
Hurley, Outreach/Training Coordinator, at 617-748-9166 to set up
an account.  She may also find PACER information on the Court's
website at www.mad.uscourts.gov/caseinfo/cmecf-general.htm.


SO ORDERED.

                                   /s/ Douglas P. Woodlock
                                   DOUGLAS P. WOODLOCK
                                   UNITED STATES DISTRICT JUDGE